## WATKINS et al. vs. GASTON.

1. Where in an action to recover damages for an assault and battery committed on the person of the plaintiff, it appears from the evidence, that the plaintiff cursed the defendant, and at the time he was stricken was in the act of rising from the chair, in which he was sitting, with a stick in his hand, proof of threats made by him against the defendant, within the preceeding week, or ten days, is admissible, as tending to show the motive of the defendant's act.

2. Where a party, implicated in an assault and battery, is shown to have prevented the interference of a third person, proof of the simultaneous declarations of such third person, tending to show that he was about to interfere, not to separate the combatants, but to participate in the fight, is admissible in mitigation of damages.

Error to the Circuit Court of Coosa. Tried before the Hon. John D. Phelan.

This was an action of trespass *vi et armis* instituted by the defendant in error against Rial H. Watkins, James Watkins and others. Pleas, not guilty, and justification. It appears by the bill of exceptions that the plaintiff introduced evidence tending to show that, about the 8th of August 1847, Rial H. Watkins committed an assault and battery upon him and that James Watkins struck him one lick and with the other defendants prevented one Ogletree from interfering for the purpose of parting the combatants. It further appears that when Rial H. Watkins approached the plaintiff, he said to him, "Gaston, you have said things here to-day about me that you cannot stand up to," and that plaintiff replied in an abrupt manner, and perhaps with oaths, "jump on me—go away from here, or I'll make you," and that as he so said he attempted to rise from the chair in which he was sitting, with a stick in his hand, whereupon Rial H. Watkins struck and knocked him down. The defendant offered to prove that the plaintiff had made threats within the previous week or ten days that he would whip Rial H. Watkins on account of testimony he had given in a cause in which the plaintiff was a party, which cause had been again tried on the day of the difficulty, and that said Watkins knew of these threats. To this testimony the plaintiff objected and the court sustained the objection. The defendant next offered to prove that at the time Jas. Wat-

kins prevented Ogletree from interfering, the said Ogletree stated that "he had come there that day to help whip Watkins." The plaintiff objected to this testimony also, and the court sustained the objection.    To the rulings of the court in the exclusion of the testimony thus offered the defendant excepted and now assigns them as error.

ELMORE & YANCEY, for the plaintiffs in error :

Testimony having a tendency to prove the issue, is admissible, though alone it might not justify a verdict in accordance with it.—Harrell v. Floyd, 3 Ala. 16; Cuthbert v. Newell, 7 Ala. 457; Laroque & Hatch v. Russell, 7 ib. 798; The State v. McAlister, 11 Shepl. 139.

Evidence of previous threats and affrays on the part of plaintiff against defendant, if so connected with the matter in issue as to tend to show that defendant had cause to fear injury to his person, is admissible.—State v. Goodrich, 19 Vt. (4 Washb.) 116; Roscoe Cr. Ev. 88; Phill. Ev., 8 ed., 498; Waters v. Brown, 3 Marsh. 558; The State v. McAlister, *supra*.

The declarations of the party, on whom the alleged assault was committed, and previously made, are admissible if conducing to show the intent of the parties, and to characterize the acts of either, so as to enable the jury to determine who was the aggressor.—The State v. Goodrich, 19 Vt. (4 Washb.) 116; Roscoe's Crim. Ev. p. 88; Maryland v. Ridgley, 2 Harr. & McHenry, 120.

It was material to know the character in which Ogletree interfered, whether as a peace-maker or combatant.  His declarations at the time were good evidence,  and could be proved by others. Phillips on Ev. 1 vol. p.  234; ib.  1  vol. p.  231,  note  444, also note 435, p. 230.

WHITE, for the defendant:

A party assaulted need not wait until he is stricken, but may strike first if *necessary* to his defence, and if Gaston had been the assailant his previous threats might have been competent to show his intention in assaulting the defendant. But here the defendant is the assailant.   He approaches the plaintiff who is *sitting down*,—tells him he has said things "he cannot stand up to," and upon plaintiffs' rising without attempting to strike, and

43

telling him to go away, defendant knocks plaintiff down before he is fairly on his feet. This was not in defence, for if he had staid away, or gone off when told by plaintiff to do so, he would have remained unmolested.

Ogletree was a competent witness. There was no evidence tending to show a conspiracy between plaintiff and Ogletree, and there is nothing to relieve the case from the general rule that the acts or declarations of a man are only evidence against himself.

CHILTON, J.—Whether the plaintiff in error, Rial H. Watkins, fought in self defence, was a question of fact purely for the jury to determine from all the circumstances of the case. Facts or circumstances conducing to show that at the time Gaston was arising from his seat, using profane and boisterous language, with a stick in his hand, he intended to make an assault upon Watkins, are legitimate as proof. It appears that Gaston had become offended with Watkins, on account of the evidence which he had given on a trial some ten days previous to the fight, and had threatened to whip him; that on the day of the fight Watkins had again been examined on the same matter, and after the trial having been informed of Gaston's threat and that he had charged him with larceny, he approached where Gaston was sitting and said to him "you have said things here to-day that you cannot stand up to," whereupon Gaston cursed him and told him to go away from them or he would make him, and as he said this, he attempted to rise with a stick in his hand, but before he had gotten entirely up, Watkins struck and knocked him down. The court excluded the evidence of the threat made a week or ten days before the fight. This was clearly an error. The threat, it is true, may have been a weak circumstance to show that in rising at the time he was stricken Gaston intended an assault and battery upon Watkins, making it necessary for him in self defence to strike, but still it was a circumstance *tending* to show this, and that it was inconclusive, was an objection to its sufficiency, not to its admissibility. It was explanatory to some extent of the act, and being connected with it, should have gone to the jury to be weighed by them.

As to the declaration of Ogletree, it is too clear to admit of argument that it was proper testimony. James Watkins is implicated as keeping persons from separating the combatants, as well

as for striking himself. Ogletree is one of the persons whom it is said he prevented, and he should have been allowed to prove by the declarations of Ogletree, coupled with his act, and explanatory of it, that he was really, instead of attempting to part the combatants, about himself to engage in the fight to whip the defendant Rial. The *plaintiff* below proved the interference of Ogletree and connected James Watkins with it as preventing him. He says, (but was not permitted to show) that he did not interfere to prevent Ogletree from stopping the difficulty, for the language used by Ogletree, at the time he was about to interfere, was not indicative of a peace-maker, but showed he intended to aid in the fight, and that he merely kept him from fighting. This was most certainly a circumstance in mitigation. These are such plain propositions that we scarcely deem it necessary to cite authority for them.

In respect to the previous threat of Gaston, taken in connection with his conduct, it was a circumstance, as we have said, tending to show whether, when Watkins struck him, he had just reason to fear a serious injury to his person.—State v. Goodrich, 19 Ver. Rep. 120-1. As to the declaration of Ogletree, it was a part of the *res gestæ* and therefore admissible.—1 Greenl. Ev. § 108; and authorities on the brief.

Let the judgment be reversed and the cause remanded.